UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LLOYD JACOB ONE STAR,<br><br>Defendant. | 3:21-CR-30017-RAL<br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

On August 23, 2021, this Court sentenced Defendant Lloyd Jacob One Star to 48 months of imprisonment for an assault resulting in serious bodily injury followed by three years of supervised release. Doc. 34. At the time of the sentencing, One Star was in Criminal History Category III with a guideline range of 46 to 57 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing One Star in Criminal History Category II, where his guideline range would have been 41 to 51 months.

One Star filed a Motion for Reduction in Sentence, Doc. 35, proposing a reduction to a 43-month sentence, near the bottom end of the amended guideline range. The United States does not contest One Star's eligibility to be considered for a sentence reduction nor the proposed reduction in One Star's sentence, Doc. 37, but this Court exercises its independent judgment on whether to grant a sentence reduction and the extent of any such reduction.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that

1

U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. S 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

2

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, One Star meets the criteria for such a reduction. With that reduction, he gets no status point instead of 2, and has a total of 3 criminal history points. That places him in Criminal History Category II and reduces the advisory Guidelines range from 46 to 57 months down to 41 to 51 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. Dillion, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

3

      (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
      (2) the need for the sentence imposed—
          (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
          (B) to afford adequate deterrence to criminal conduct;
          (C) to protect the public from further crimes of the defendant; and
          (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
      (3) the kinds of sentences available;

18 U.S.C. § 3553(a).

The nature and circumstances of One Star's offense were very serious and justify a lengthy sentence. One Star, while intoxicated on February 14, 2020, became abusive to his intimate partner Bobbi Jo Knox in Grass Mountain, on the Rosebud Indian Reservation. What set One Star off was Knox saying that she did not want to have more children with him. One Star punched Knox in her left eye, kicked her, and used a chair to beat her. One Star also threatened to kill her. Knox's eye swelled shut, and she had to undergo surgery to fix a rupture of the globe of the eye. Information in the presentence report revealed that over the course of their fifteen years on-and-off together, One Star had assaulted Knox about five prior times.

The history and characteristics of One Star include a prior federal drug offense with three prior revocations of supervised release and a pending fourth revocation of supervision where he received a concurrent sentence to the sentence in this case. One Star was raised in a two-parent house with responsible parents. He had issues with alcohol and methamphetamine use. He previously had worked as a tribal corrections officer.

The remaining factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify little reduction from the prior sentence. One Star does not appear to have a disciplinary record in Bureau of Prisons custody to his credit.

4

Accepting that retroactive application of the recent guidelines changes places One Star in Criminal History Category II with a guidelines range of 41 to 51 months, this Court deems it sufficient but not more than necessary under the § 3553(a) factors for the sentence to be 45 months in length. Therefore, it is

ORDERED that One Star's Motion for Reduction in Sentence, Doc. 35, is granted to the extent that the sentence is lowered from 48 months to 45 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting sentence reduction from 48 to 45 months but making no other changes to the terms of the prior Judgment in a Criminal Case.

DATED this 4th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE